**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnny L. MOTLEY,
Defendant–Appellant.**

**No. 90–3833.**

United States Court of Appeals,
Seventh Circuit.

Argued July 10, 1991.

Decided Aug. 20, 1991.

**1080**

Christina McKee, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Jeffrey H. Frandsen, Parr, Richey, Obremskey & Morton, Indianapolis, Ind., for defendant-appellant.

Before CUDAHY and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.

CUDAHY, Circuit Judge.

Johnny Motley prepared income tax returns on a contingency fee basis. The greater the refund, the greater his fee. In an effort to increase his income, Motley fabricated tax deductions to garner a greater refund for his clients and thus larger fees for himself. His clients signed the returns, claiming they were unaware of Motley's illegal technique. Motley never signed the returns, but he did mail a number of them himself. The remainder were mailed by the taxpayers.

An undercover agent named Sherree Anderson paid Motley a visit, and he agreed to prepare her tax returns. Motley was able to recover a $4,000 refund for Anderson by, among other things, listing her cat as a dependent and claiming non-existent charitable deductions. A grand jury returned an indictment against Motley, charging him with nineteen[1] counts of presenting false claims to the federal government. Motley was charged with violating 18 U.S.C. § 287, which provides that "[w]hoever makes or presents to ... the United States ... any claim ... knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years," and he was also charged under 18 U.S.C. § 2, which reads as follows:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**I**

Motley was tried by a jury and convicted on all nineteen counts. He was sentenced to two concurrent terms of 24 months, three years probation, and a special assessment of $950. He raises three issues on appeal, all related to his conviction.

---

1. The counts represent nineteen different falsified tax returns Motley prepared for eight different taxpayers between January 1986 and January 1989.

## A

Motley first argues that the trial court erred in failing to give a jury instruction he offered. Motley clearly had a right "to have the jury consider any theory of defense which is supported by law and some evidence in the record." *United States v. Monzon*, 869 F.2d 338, 345 (7th Cir.1989); *see also United States v. Boucher*, 796 F.2d 972, 975 (7th Cir.1986). Thus, Motley was entitled to the instruction if he could show that:

> (1) the instruction is a correct statement of the law; (2) the theory of defense is supported by the evidence; (3) the theory of defense is not part of the charge; and (4) failure to include an instruction of the Defendant's theory of defense in the jury charge would deny the Defendant a fair trial.

*Monzon*, 869 F.2d at 345; *see also United States v. Douglas*, 818 F.2d 1317, 1321 (7th Cir.1987). Motley's proposed instruction read, in part, as follows:

> A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.
>
> Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that another person actual [sic] committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.
>
> *As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.*
>
> . . . .

(emphasis supplied). Motley claims that district court's jury instructions failed to include the highlighted section above and that the jury therefore convicted him of aiding and abetting crimes that, he argues, the government never proved anyone committed.

To the extent that Motley's instruction implies that the jury may not convict him unless one or more of the taxpayers was also *charged and convicted* of some crime, the instruction is not legally correct. "The failure to prosecute or obtain a prior conviction of a principal ... does not preclude conviction of the aider and abettor...." *United States v. Ruffin*, 613 F.2d 408, 412 (2d Cir.1979); *see also United States v. Powell*, 806 F.2d 1421, 1424 (9th Cir.1986) ("a defendant can be convicted of aiding and abetting even if a principal is never identified or convicted"). Nonetheless, "[i]t is hornbook law that a defendant charged with aiding and abetting the commission of a crime by another cannot be convicted in the absence of proof that the crime was actually committed." *Ruffin*, 613 F.2d at 412; *Powell*, 806 F.2d at 1424.

It is the proof of an underlying offense that Motley claims was missing at his trial; the government, Motley argues, failed to show that he aided the taxpayers in committing some crime. The court gave the following two jury instructions related to aiding and abetting:

Instruction No. 30

> Any person who knowingly aids, abets, counsels, commands, induces or procures the commission of a crime is guilty of that crime. However, that person must knowingly associate himself or herself with the criminal venture, willfully participate in it, and try to make it succeed.
>
> In other words, every person who willfully participates in the commission of a crime may be found to be guilty of that offense, and it does not matter whether the participation consists of actually executing the crime or causing it to be done. The defendant must commit an overt act designed to aid in the success of the criminal venture. The defendant need not personally perform every act constituting the crime charged.

Instruction No. 31

> In considering the defendant's guilt or innocence of the crimes charged in the indictment, you may consider whether the defendant aided, abetted, or assisted

the commission of the crimes as charged in the indictment.

These jury instructions did not convey to the jury all of the criteria it needed to convict Motley. There was no mention of the requirement that the government prove that some crime was actually committed.

■ The government claims that such proof was unnecessary in this case because 18 U.S.C. § 2 covers both traditional aiding and abetting, which requires proof that the principal committed some underlying offense, as well as a second type of aiding and abetting. The traditional notion of aiding and abetting is found in subsection (a) of 18 U.S.C. § 2: "[w]hoever commits an offense ... or aids, abets, ... or procures its commission, is punishable as a principal." A variation of the traditional rule appears in subsection (b) of 18 U.S.C. § 2: "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." Motley could thus be found guilty of causing a taxpayer to commit the crime *even though the taxpayer did not have the criminal intent necessary to sustain a conviction.* Whether the taxpayer committed a specific criminal offense becomes irrelevant; the question is whether the act Motley caused the taxpayer to perform (*i.e.*, mailing a false claim to the government) would be actionable if performed directly by Motley. "It is ... clear that under 18 U.S.C. § 2(b) one who causes another to commit a criminal act may be found guilty as a principal even though the agent who committed the act is innocent or acquitted." *Ruffin*, 613 F.2d at 412; *see also United States v. Cook*, 745 F.2d 1311, 1315 (10th Cir.1984) ("it is well established that an individual is criminally culpable [under § 2(b)] for causing an intermediary ... to commit a criminal act or to fail to perform a legally imposed duty, even though the intermediary has no criminal intent and itself is innocent of the substantive crime"). The record in this case clearly supports the argument that the government entered evidence sufficient to sustain a conviction under section 2(b).

The problem with the government's section 2(b) argument, however, is that it never requested (and the court never gave) a jury instruction on section 2(b). The jury instructions on aiding and abetting related solely to section 2(a)—traditional aiding and abetting that requires proof of an underlying offense. Motley's conviction under section 2(a) was thus improper because the government failed to offer any proof that the taxpayers in question committed some offense against the federal government. Our analysis does not end here, however.

■ Motley does not claim on appeal that he had no connection to the illegal deeds charged in the indictment, only that the government selected the wrong statute under which to charge him. According to Motley, the government could have secured a valid conviction under 26 U.S.C. § 7206(2), which makes it a felony to "aid[ ] or assist[ ] in ... the preparation or presentation under ... the internal revenue laws, of a return ... which is fraudulent or is false as to any material matter, *whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return.*" (emphasis supplied). Obviously, a conviction for aiding and abetting under this section does not require proof that the taxpayer committed an offense against the government. *See United States v. Hooks*, 848 F.2d 785, 791 (7th Cir.1988).

At oral argument, we asked defendant's counsel if section 7206(2) was not simply a lesser-included offense of the section 2/section 287 violation charged in Motley's indictment, and he conceded that it was. A lesser-included offense is one whose elements are a subset of the elements of a greater offense. *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 1453, 103 L.Ed.2d 734 (1989); *see also Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965) ("the lesser offense must be included within but not ... be completely encompassed by the greater"). A lesser-included offense is thus by definition included in an indictment charging a greater offense. *Cf.*

*Schmuck,* 109 S.Ct. at 1451 (an indictment contains the elements of both lesser and greater offenses, giving the defendant notice that he or she may be convicted of either). "It is clear that a defendant need not be charged with a lesser included offense in order to be found guilty thereof." *United States v. Martel,* 792 F.2d 630, 638 (7th Cir.1986); *see also United States v. Teslim,* 869 F.2d 316, 325 (7th Cir.1989) (a " 'defendant may be found guilty of an offense necessarily included in the offense charged' ") (quoting Fed.R.Crim.P. 31(c)). In this case, defendant conceded that section 7206 is a lesser-included offense of the greater offense charged in sections 2 and 287. We agree. The two crimes are identical except for the underlying offense requirement. Under section 2(a)—the only section mentioned to the jury in this case—the government must offer proof that the taxpayers committed some offense, *i.e.,* that they had knowledge that their returns were fraudulent. Under section 7206(2), proof of an underlying offense is unnecessary.

■ We thus conclude that Motley was properly convicted under section 7206(2), a lesser-included offense of his charged offense. It is necessary, however, to remand to the district court for resentencing. The record before us contains no information describing how the district court arrived at its original sentence. Thus, we do not know how Motley's sentence related to the maximum or minimum prescribed by the Sentencing Guidelines, or whether his sentence departed upward or downward from the range provided. In fact, we do not know what the total offense level is for Motley's section 287 conviction (since we do not know the total monetary loss he caused, *see* U.S.S.G. § 2F1.1(b)(2)–(6)), and whether the total level would be different under section 7206(2) (since the applicable guideline again enhances based on total monetary loss, as well as on grounds distinct from those available under § 2F1.1, *see* U.S.S.G. § 2T1.4(b)(1)–(3)). Without this information, we are unable to determine whether the district court would arrive at the same sentence under section 7206(2) (which carries a maximum sentence of three years) as it did under section 287 (which carries a maximum sentence of five years). Thus, a remand is necessary for the limited purpose of resentencing. *Cf. United States v. Dillon,* 905 F.2d 1034, 1037 (7th Cir.1990) (no need to remand if we can be sure the district court would enter same sentence).

**B**

■ Motley next argues that the court erred in excluding impeachment evidence during his trial. Motley sought to introduce during his cross-examination of taxpayer Cora Gray evidence that she had a nine-year-old misdemeanor conviction for "check deception." It appears that her conviction involved a single check for $30. The government argued that the conviction was inadmissible because Motley failed to support his proffer with evidence that the conviction actually involved fraud or dishonesty, rather than simply negligence in overdrawing her checking account. The court agreed and excluded the evidence.

Under Fed.R.Evid. 609(a)(2), a party may introduce evidence of past crimes to impeach the credibility of a witness if the crime "involved dishonesty or false statement, regardless of the punishment."[2] Motley argues that evidence of a check deception conviction is precisely the type of evidence admissible under Rule 609(a)(2). As the court held, however, Motley did not offer any proof that the conviction was, in fact, one for deceptive practices and not one for insufficient funds—something that does not necessarily involve dishonesty or false statement. Given Motley's inability to substantiate his proffer, the court held that the probative value of Motley's proposed impeachment evidence did not outweigh its prejudicial effect.

Decisions to admit or exclude evidence at trial are left to the discretion of the district

---

**2.** "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction...." Fed.R.Evid. 609(b). The conviction is this case met the 10–year requirement.

court and will only be reversed upon a showing of abuse of discretion. *United States v. Sullivan,* 911 F.2d 2, 6 (7th Cir. 1990); *Taylor v. National R.R. Passenger Corp.,* 920 F.2d 1372, 1375 (7th Cir.1990). " 'Under the "abuse of discretion" standard ... the relevant inquiry is not how the reviewing judges would have ruled if they had been considering the case in the first place, but rather, whether *any* reasonable person could agree with the district court.' " *Nachtsheim v. Beech Aircraft Corp.,* 847 F.2d 1261, 1266 (7th Cir.1988) (quoting *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir. 1984)).

Motley argues that the court abused its discretion by applying an incorrect legal standard. He claims that the court applied Rule 609(a)(1) to his impeachment offer instead of Rule 609(a)(2). The trial transcript reveals, however, that the court rejected Motley's proffer under Rule 609(a)(2) because he could not demonstrate that the conviction involved "dishonesty or false statement." The court then turned to the balancing test in Rule 609(a)(1) to determine whether the evidence could, in the alternative, be introduced under any other provisions of Rule 609. *See* Fed.R.Evid. 609(a)(1) (court must determine whether "the probative value of admitting th[e] evidence outweighs its prejudicial effect to the defendant"). Determining that the probative value of the evidence was outweighed by its prejudicial effect, the court ruled the evidence inadmissible. We see no errors in this analysis, but in any event, "even erroneous evidentiary rulings will not be overturned if any resulting error was harmless." *United States v. Farmer,* 924 F.2d 647, 654 (7th Cir.1991); *see also United States v. Hargrove,* 929 F.2d 316, 320 (7th Cir.1991) (even if erroneous, evidentiary ruling would be harmless given overwhelming evidence of guilt). In this case, Motley does not argue that the error in question prejudiced his case in any particular way— he simply claims that error occurred. Given the overwhelming evidence of Motley's guilt at trial, however, any error in the court's analysis of the evidence was harmless, and thus his challenge on appeal fails.

## C

■ Finally, Motley throws in a catch-all insufficiency of the evidence claim. We approach sufficiency of the evidence claims deferentially; we review the evidence and all reasonable inferences in the light most favorable to the government. *United States v. Garrett,* 903 F.2d 1105, 1109 (7th Cir.1990); *United States v. Ocampo,* 890 F.2d 1363, 1370 (7th Cir.1989). In addition, we will reverse a conviction only if no rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Garrett,* 903 F.2d at 1109; *Ocampo,* 890 F.2d at 1370. As we have frequently noted, these criteria impose a heavy burden on defendants who seek to challenge the evidentiary sufficiency of their convictions. *United States v. Khorrami,* 895 F.2d 1186, 1190 (7th Cir. 1990); *United States v. Nesbitt,* 852 F.2d 1502, 1509 (7th Cir.1988).

Motley claims that the government failed to introduce sufficient evidence on certain elements of the charged crime. For example, he claims that there was no testimony that he signed any of the returns or that he personally mailed any of the returns himself. The record contradicts his last point, but neither point is relevant under our analysis in section I.A above. Section 7206(2), a lesser-included offense for which Motley was convicted, specifically states that the aider and abettor is guilty "whether or not [the] falsity or fraud is with the knowledge or consent of the [innocent] person."

## II

In sum, the challenges to defendant's conviction are rejected and his conviction is AFFIRMED. His sentence, however, is VACATED and REMANDED for reconsideration in light of this opinion.