948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Gallus THILL, Defendant/Appellant.
 No. 90-3740.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges, and PELL, Senior Circuit Judges.
 
 ORDER
 
 1
 Gallus Thill is a contract mail hauler. In April of 1989, the United States Labor Department began an investigation into Thill's compliance with minimum wage, overtime, child labor, and government contract laws. Compliance officers Kevin O'Brien and Thomas McMullen were assigned to conduct separate investigations into Thill's Iowa and Illinois contracts. The investigation culminated in a meeting at McMullen's office. Thill, McMullen, and O'Brien were present at the meeting.
 
 
 2
 During the meeting, the discussion turned to Thill's liability for back wages due to his employees. O'Brien informed Thill that any back wages must be paid to his employees as stated in the postal contract. According to O'Brien's and McMullen's testimony, Thill, angered by the remark, stood up, walked over to where O'Brien was seated and yelled that "it was no goddamn business of the government." Thill, still yelling, then stood directly in front of O'Brien shaking his finger near O'Brien's nose. When O'Brien asked Thill to remove his finger, Thill shook his finger even closer to O'Brien's nose. O'Brien again asked Thill to remove his finger. Thill responded by holding his finger stationary about an inch from O'Briens nose.
 
 
 3
 Fearful that Thill might poke his eye out, O'Brien brushed Thill's hand away from his face. Immediately thereafter, Thill grabbed O'Brien with both hands, yanked him out of the chair knocking the chair over, dragged him five feet backwards, and slammed him up against the wall. Thill held O'Brien up against the wall so that his toes barely touched the ground and continued swearing and yelling. Thill moved his right hand behind his ear, made a fist and told O'Brien that the Department of Labor better not withhold any money from his contracts. Then, Thill released O'Brien and as he exited the office yelled that they better not withhold any money from his contracts or else he would "look them up." An indictment charged Thill with forcibly assaulting a United States employee engaged in the performance of his official duties and forcibly intimidating a United States employee performing his official duties, both in violation of 18 U.S.C. § 111. Thill was tried by a jury.[1] The jury found Thill guilty of intimidation, but was unable to reach a unanimous verdict on the assault count. The district court declared a mistrial on the assault count and sentenced Thill to four months' imprisonment for intimidating a United States employee.
 
 
 4
 On appeal, Thill argues that because the same actions were alleged in support of both the intimidation and assault counts, the jury's failure to convict him of assault is inconsistent with his intimidation conviction. Thill asserts this inconsistency establishes that the evidence was insufficient to support his intimidation conviction. However, "[i]t is well settled that an inconsistency between jury verdicts does not call for reversal of a conviction in a criminal case." United States v. Scop, 940 F.2d 1004, 1007 (7th Cir.1991). Rather, to prevail, Thill must demonstrate that the intimidation conviction itself was not supported by sufficient evidence. See United States v. Reed 875 F.2d 107, 111 (7th Cir.1989) (court's review of the evidence to ascertain whether it provides a sufficient basis for conviction is independent of the jury's conclusion that the evidence on another count was not sufficient). Thill attempts to do this by arguing that the evidence was insufficient to show that he forcibly intimidated or threatened O'Brien.[2] We will reverse Thill's conviction only if no rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. United States v. Motley, 940 F.2d 1079, 1084 (7th Cir.1991). In this case the jury heard both O'Brien and McMullen testify that Thill grabbed O'Brien from his chair, dragged him backward, slammed him up against the wall, raised his fist, and yelled that the Department of Labor better not withhold any money from his contracts. Additionally, McMullen and O'Brien testified that as Thill left the office he warned them that if any money was taken from his contracts he would "look them up." Based on this evidence, the jury rationally could conclude that Thill forcibly intimidated O'Brien.
 
 Accordingly, Thill's conviction is
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Thill testified that O'Brien shoved him first and that he grabbed O'Brien and held him against the wall to "calm things down." Thill denied making a fist and telling O'Brien and McMullen that he would look them up if the Department of Labor withheld money from his contracts
 
 
 [2]
 18 U.S.C. § 111 provides that: Whoever (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties ... shall be fined under this title or imprisoned not more than three years