**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Louis ISIROV, Defendant–Appellant.**

**No. 91–3081.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 2, 1993.
Decided Feb. 12, 1993.

David E. Risley, Rodger A. Heaton, Asst. U.S. Atty. (argued), Springfield, IL, for plaintiff-appellee.

James D. Lynch (argued), Springfield, IL, for defendant-appellant.

Before CUMMINGS and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Defendant Louis Isirov pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The written plea agreement specified that "[t]he amount of cocaine involved in the conspiracy was five or more kilograms." Furthermore, the defendant stated in his plea agreement that he "was an organizer and leader of the conspiracy which involved more than five participants." The probation office's investigation memorialized in its pre-sentence report ("PSR") concluded that Isirov was responsible for seven kilograms of cocaine. This amount included six kilograms that Isirov had sold to his co-defendant David Karr and an additional kilogram that the defendant had agreed to sell to Karr in the final transaction before the defendant's arrest.

The defendant appeals from the district court's application of the Sentencing Guidelines in arriving at his sentence. Specifically, the defendant alleges that the sentencing court clearly erred in calculating the drug amount under U.S.S.G. § 2D1.4 and in imposing a four-level enhancement to his base offense level pursuant to U.S.S.G. § 3B1.1(a) because of his status as an "organizer or leader."

## I. BACKGROUND

The defendant's sentencing hearing was held on August 27, 1991. Prior to the sentencing hearing, defense counsel had filed written objections to the PSR. The defendant objected to the finding that he had sold six kilograms of cocaine to Karr

between November 1989 to February 1990. Rather, Isirov contended that the relevant amount should be seventy ounces, which he had distributed between November 1989 and January 1990. Isirov alleged that in his final deal with Karr he attempted to dupe his customer by supplying him with two kilograms of drywall disguised as cocaine. The PSR alleged that this final deal involved one kilogram of cocaine. The defendant essentially contended that he was only responsible for distribution of approximately two kilograms of cocaine rather than the seven kilograms alleged in the PSR. Isirov also objected to the allegation in the PSR that he was the leader or organizer of five or more persons involved in the conspiracy. Isirov conceded that more than five persons were involved in the conspiracy, but he stated that he did not believe that he controlled five or more persons.

The district court overruled the defendant's objections to the PSR at the sentencing hearing, and stated that the findings contained in the PSR were based upon sufficiently reliable investigative reports and cooperating witnesses. The court then adopted the PSR findings and found that based upon a total offense level of 34 and the defendant's criminal history category of II, the Guideline range was 168 to 210 months imprisonment. Nevertheless, because the defendant was convicted of conspiracy to distribute more than five kilograms of cocaine, he was subject to the twenty-year mandatory minimum sentence contained in 21 U.S.C. § 841(b)(1)(A)(ii). At the sentencing hearing, defense counsel conceded that except for his objections to the court's factual findings, the court's sentencing calculations were correct. The court then asked the government and defense counsel whether they wished to present any evidence, and each declined the court's offer. Due to the defendant's substantial assistance, the government moved for a downward departure from twenty years to thirteen years imprisonment under U.S.S.G. § 5K1.1. The sentencing court granted the government's section 5K1.1 motion and sentenced Isirov to thirteen years imprisonment, ten years of super-

vised release, and a $50.00 special assessment.

## II. DISCUSSION

### A. *Calculation of the Drug Amount*

On appeal, Isirov argues that the district court violated his right to be sentenced on the basis of accurate information in violation of the Due Process Clause and Rule 32 of the Federal Rules of Criminal Procedure. In essence, the defendant contends that the district court's "perfunctory examination" of his objections to the PSR violated the requirements of the due process clause and Rule 32(c)(3)(D) that the district court sentence the defendant on the basis of accurate factual findings or refuse to take into account disputed facts.

■ A defendant has a due process right to be sentenced only on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir. 1992). Furthermore, Rule 32(c)(3)(D) requires that the sentencing court make a finding as to any alleged inaccuracy or a determination that no such finding is necessary because the controverted matter will not be considered in sentencing. Nonetheless, there are few restrictions on the information that a sentencing court may consider, and hearsay evidence is one of the types of information upon which a sentencing court may rely. *United States v. Musa*, 946 F.2d 1297, 1306 (7th Cir.1991). To succeed on a claim that a sentencing court considered inaccurate information, a defendant must demonstrate "that the information before the court was inaccurate and that the court relied on it." *Coonce*, 961 F.2d at 1275; *Musa*, 946 F.2d at 1306. The sentencing court determines the quantity of drugs involved in an offense by a preponderance of evidence. *United States v. Highes*, 970 F.2d 227, 237 (7th Cir.1992). We review the sentencing court's finding for clear error. *United States v. Cea*, 963 F.2d 1027, 1030 (7th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 281, 121 L.Ed.2d 208 (1992).

■ In *United States v. Coonce*, 961 F.2d 1268 (7th Cir.1992), this court specifi-

cally addressed the issue of whether the defendant or the government had the burden of proof when confronted with a defense challenge to a PSR's factual allegations. We held that a defendant who challenges factual allegations in the PSR has the burden of producing some evidence beyond a bare denial that calls the reliability or correctness of the alleged facts into question.[1] *Id.* at 1280. "If the defendant meets this burden of production, the burden of persuasion shifts back to the prosecution, who in turn must convince the court that the facts presented by the government are actually true." *Id.*

Isirov presented no evidence at the sentencing hearing that would contradict the findings in the PSR, despite the sentencing court's invitation. In deciding to adopt the PSR's version of the amount of cocaine attributable to the defendant, the sentencing court noted that the defendant had stipulated in his plea agreement that he had distributed five or more kilograms of cocaine. The court further noted that the seven-kilogram amount cited in the PSR was based upon investigative reports and statements of cooperating witnesses. The defendant failed to produce any evidence that would call into question the factual allegations contained in the PSR, which were based upon hearsay evidence that the court deemed more reliable than the defendant's bare denial. Under this court's description of the defendant's burden of production in *Coonce*, the defendant provided the sentencing court with no basis for doubting the accuracy of the challenged allegations.

 The government mistakenly argues that the defendant has "waived" any challenge to the PSR's allegations by stipulating to those facts in his plea agreement. First, the argument that stipulations are sacrosanct and binding even in civil cases is overstated. This court's statement that stipulations in the context of *civil trial*

*proceedings* are generally binding was tempered by our recognition that such agreements are revocable if "relief from the stipulation is necessary to prevent a 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir.1989). The government's position is also contradicted by section 6B1.4 of the Sentencing Guidelines and its commentary. Section 6B1.4(d), which applies to stipulations contained in a plea agreement that are relevant to sentencing, states that a court is not bound by a stipulation of facts, "but may with the aid of the presentence report, determine the facts relevant to sentencing." The supporting commentary further notes that,

> [e]ven though stipulations are expected to be accurate and complete, the court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.

U.S.S.G. § 6B1.4, comment.

The district court did not rely exclusively on the plea agreement stipulations in arriving at a drug quantity or role in the offense determination. Instead, the court appropriately considered the findings contained in the PSR that were based on investigative reports and statements of cooperating witnesses. The defendant's failure to produce some evidence challenging the reliability of the factual allegations contained in the PSR gave the district court no basis for finding those allegations to be inaccurate.

B. *Role in the Offense Determination*

 At sentencing, Isirov also challenged the district court's four-level enhancement to his base offense level for his

---

1. We also noted in *Coonce* that if the challenged information in the PSR is nothing but a "naked or unsupported charge", the defendant may be excused from the burden of production and mere denial of the allegation might suffice to preclude the sentencing court from relying on the information. *Id.* at 1279. Isirov erroneous-

ly contended in his reply brief that the challenged PSR allegations were "naked and unsupported." The disputed allegations were actually supported by Isirov's own stipulations contained in his plea agreement, the statements of cooperating witnesses, and government investigative reports.

role in the offense. The district court concluded that Isirov was an "organizer or leader" under U.S.S.G. § 3B1.1(a). We will reverse the district court's findings of fact regarding a role in the offense enhancement only if it is clearly erroneous. *United States v. Cochran*, 955 F.2d 1116, 1124 (7th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 460, 121 L.Ed.2d 368 (1992).

In finding that a section 3B1.1(a) enhancement was appropriate, the sentencing court stated that it was relying on the defendant's stipulation in his plea agreement that he was a leader or organizer and also upon the evidence supporting the PSR. As noted above, the defendant presented no evidence at his sentencing hearing and therefore failed to meet his burden of production under *Coonce*. The government's "waiver" argument based upon the plea agreement stipulation is equally meritless in the context of the sentencing court's "role in the offense" determination. The district court correctly overruled the defendant's objection, which was unsupported by any evidence that would undermine the findings contained in the PSR.

■ Isirov also complains that the district court did not attach the court's written findings as to his allegations of factual inaccuracies to the PSR as Rule 32(c)(3)(D) requires. The government correctly notes that the district court made the Rule 32(c)(3)(D) written findings, but mistakenly attached them to its judgment in the record instead of to the sealed PSR. The government sent a letter to the Clerk for the Central District of Illinois requesting that the Clerk append the written findings to the presentence report. Defense counsel conceded at oral argument that the district court has followed the government's suggestion, which moots the defendant's complaint. In all events, the failure to attach the written findings was harmless error because the court made oral on-the-record determinations as to all of the defendant's objections to facts in the presentence report. *See United States v. Canino*, 949 F.2d 928, 950–51 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1940, 118 L.Ed.2d 546 (1992); *United States v.*

*Slaughter,* 900 F.2d 1119, 1123 (7th Cir. 1990).

Finally, Isirov claims that the district court "failed to substantively address his objection" that he had concocted a scheme to supply Karr with two kilograms of drywall disguised as cocaine. The two objections concerned the role in the offense determination and the total amount of cocaine that the defendant was deemed responsible for distributing, seven kilograms. The only reference to the alleged drywall deception appeared in a document entitled "Defendant's Version of the Case" that was sent to the probation office after the two objections to the PSR had been filed. The sentencing court simply found the PSR's allegations concerning the drug amount to be more credible than the defendant's unsupported denial. Without any evidence that the defendant was trafficking in drywall rather than cocaine in his ill-fated final deal, the court properly addressed the defendant's objections and correctly relied upon the PSR's representations.

### III. CONCLUSION

The defendant's sentence is AFFIRMED.