9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberta BILLUPS, Defendant-Appellant.
 No. 92-2825.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.
Decided Oct. 22, 1993.
 
 Before BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 After a jury trial, Alberta Billups was found guilty of three counts of mail fraud in violation of 18 U.S.C. Sec. 1341 and two counts of presenting a false claim upon an agency of the United States government in violation of 18 U.S.C. Sec. 287. Believing that an appeal would be frivolous, Billups' appointed counsel, Michael B. Nash, now seeks to withdraw. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985); Cir.Rule 51(a). After counsel filed his motion to withdraw, we informed Billups of her right to respond. Billups did so, claiming that the district court did not make appropriate findings concerning her objections to the factual accuracy of the presentence report as required by Fed.R.Crim.P. 32(c)(3)(D). Billups requests that her case be remanded for resentencing. Because we find no arguably meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss this appeal as frivolous.
 
 I. FACTS
 
 2
 Alberta Billups was initially indicted on July 30, 1991, and charged with two counts of mail fraud, 18 U.S.C. Sec. 1341, and two counts of making a false claim upon the United States Department of Labor, 18 U.S.C. Sec. 287. Billups pleaded not guilty. While preparing for trial, her court-appointed counsel became concerned that Billups might not be able to cooperate with him in her defense, and that she might be suffering from dementia. (R. at 12). Counsel's motion to obtain a psychiatric examination of Billups was granted. Based on the results of that examination, no motion was made regarding Billups' competency to stand trial, and counsel determined that an insanity defense was not warranted. A superseding indictment was returned on February 4, 1992, which added an additional count of mail fraud. Billups again pleaded not guilty.
 
 
 3
 According to the government, Billups, an employee of the United States Postal Service, had devised a scheme to defraud the United States Department of Labor of $107,637 by making fraudulent claims for disability benefits. In 1968, Billups was injured at work. Following surgery, she applied for and was granted partial disability benefits under the Federal Employees' Compensation Act. Under this program, Billups worked four hours a day at the Postal Service and received disability benefits to make up for her inability to work a full eight hour day. Billups was required to report periodically any earnings from other employment to the Department of Labor. The government presented testimony and employment records from supervisors, coworkers and other witnesses showing that between January, 1972 and May, 1988, Billups worked at United Airlines, Time, Inc. and at the Desplaines/Taylor Amoco Service Station. The government also presented evidence that soon after applying for disability benefits, Billups applied for a second social security number under an alias (Alberta Marie Billups, or Alberta M. Billups), and used that name and social security number to conceal her employment at United Airlines, Time, Inc. and Amoco. At the same time, she was receiving disability checks under the name of Alberta T. Billups, which were delivered to a post office box in Chicago, Illinois. On several occasions, Billups filed forms with the Department of Labor indicating that she had no other employment outside the Postal Service. A handwriting expert testified that the forms bore Billups' signature.
 
 
 4
 Billups testified in her own defense. She denied ever having worked for United Airlines, Time, Inc. and the Amoco service station, and insisted that the witnesses who had testified against her were lying. Billups did not present any evidence to corroborate her testimony. The jury returned a verdict of guilty on all five counts of the superseding indictment. The district court then ordered the preparation of a presentence report.
 
 
 5
 At Billups' sentencing hearing, the district court determined that under the Sentencing Guidelines, Billups' base offense level was six, U.S.S.G. Sec. 2F1.1(a), that a six-level increase was required because of the amount of loss, as well as a two-level increase for more than minimal planning. U.S.S.G. Secs. 2F1.1(b)(1)(G), 2F1.1(B)(2)(A). The court also determined that Billups committed perjury during her testimony, and thus approved an additional two-level increase for obstruction of justice. U.S.S.G. Sec. 3C1.1. Billups' total offense level was thus set a sixteen. She had no prior criminal history (Category I). The court then sentenced Billups to twenty-one months imprisonment, the lowest possible sentence within the applicable Sentencing Guidelines range, to be followed by two years of supervised release. The court recommended that Billups be placed in a minimum security prison. Billups filed a timely appeal.
 
 II. ANALYSIS
 
 6
 A. Sufficiency of the evidence.
 
 
 7
 Counsel has correctly advised us that "[a] defendant attempting to overturn a conviction on the grounds of insufficient evidence bears a heavy burden." United States v. Koen, 982 F.2d 1101, 1105 (7th Cir.1992); see United States v. Motley, 940 F.2d 1079, 1084 (7th Cir.1991). We must uphold Billups' conviction if the evidence, when viewed in the light most favorable to the government, establishes that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original) (citation omitted). This standard does not permit us to reweigh the evidence or to resolve conflicts in testimony. See id. at 319-320.
 
 
 8
 1. The mail fraud convictions.
 
 
 9
 The elements required to support a conviction of mail fraud under 18 U.S.C. Sec. 1341 are (1) a scheme to defraud and (2) use of the mail for the purpose of executing or attempting to execute the scheme. United States v. Hirschberg, 988 F.2d 1509, 1516 (7th Cir.1993); Koen, 982 F.2d at 1106.
 
 
 10
 The government presented testimonial evidence, employment records and tax returns showing that Billups worked for employers other than the Postal Service during the time she was receiving benefits for partial disability, and that she never reported her employment to the Department of Labor. The government also presented evidence that soon after applying for benefits, Billups obtained a separate social security number under an alias, which she then used on employment applications. Billups also set up a post office box, and had her disability checks mailed there rather than to her home address. The jury was thus presented with sufficient evidence from which it could reasonably conclude that Billups had devised a scheme to defraud, and that she had caused the mails to be used for the purpose of executing the scheme. See Koen, 982 F.2d at 1106-07. The jury's decision not to credit Billups' blanket denials of ever having worked for United Airlines, Time, Inc., or Amoco may not be disturbed on appeal. See Jackson, 443 U.S. at 319-20; see also United States v. Hartmann, 958 F.2d 774, 780 (7th Cir.1992) (court must give deference to jury's credibility determinations); United States v. Draiman, 784 F.2d 248, 251 (7th Cir.1986) (same).
 
 
 11
 2. The false disability claim convictions.
 
 
 12
 To prove that Billups made false representations to the United States Department of Labor in order to fraudulently obtain disability benefits, the government was required to show: (1) that Billups presented the claims to the Department of Labor, (2) that the claims were false, fictitious or fraudulent, and (3) that Billups knew the claims were false, fictitious or fraudulent. 18 U.S.C. Sec. 287; see United States v. Haddon, 927 F.2d 942, 950-51 (7th Cir.1991).
 
 
 13
 In addition to bringing forward evidence that Billups was employed at jobs other than the Postal Service at the same time as she was presenting her claim to the Department of Labor for partial disability benefits, the government also showed that Billups used a fictitious name and social security number at her other jobs, that she submitted forms to the Department of Labor indicating that she had no other gainful employment, and that she set up a post office box to receive her disability payments. From these facts, a jury could reasonably infer that Billups knew that her disability claims were fraudulent. See Haddon, 927 F.2d at 951. As in the case of the mail fraud charges, the jury was entitled to reject Billups' testimony denying any wrongdoing. See, e.g., Hartmann, 958 F.2d at 780.
 
 
 14
 B. Billups' challenge to her sentence.
 
 
 15
 Billups claims that in considering her objections to the factual accuracy of the presentence report, the district court did not make the explicit findings mandated by Fed.R.Crim.P. 32(c)(3)(D), and requests that her case be remanded for resentencing.
 
 
 16
 A defendant has a due process right to be sentenced on the basis of accurate information. See United States v. Tucker, 404 U.S. 443, 447-48 (1972); United States v. Isirov, 986 F.2d 183, 185 (7th Cir.1993); United States v. Coonce, 961 F.2d 1268, 1275 (7th Cir.1992). Under Rule 32(c)(3)(D), the sentencing court is required to make a finding as to any alleged inaccuracy in the presentence report, or to determine that no such finding is needed because the controverted fact will not be considered in sentencing. Isirov, 986 F.2d at 185. To succeed on a claim that the court based its sentence on inaccurate information, the defendant bears the burden of demonstrating that the information was inaccurate, and that the court actually relied on it. Id.; Coonce, 961 F.2d at 1275, 1278-80; United States v. Slaughter, 900 F.2d 1119, 1123 (7th Cir.1990). Moreover, where the court makes clear on the record the basis for its decision, the purpose of the rule is satisfied; thus, a failure to attach written findings does not call for a remand.[2] See United States v. Westbrook, 986 F.2d 180, 183 (7th Cir.1993); United States v. Canino, 949 F.2d 928, 951 (7th Cir.1991), cert. denied, 112 S.Ct. 1940 (1992); Slaughter, 900 F.2d at 1123.
 
 
 17
 At Billups' sentencing hearing, the district court ascertained that Billups had read the presentence report with her attorney and asked her whether she had any disagreements with it. (Sentencing Tr. at 4-6). Billups continued to insist that she was innocent of all charges, and in particular that she never worked second jobs while receiving disability benefits. (Sentencing Tr. at 9-11). The district court carefully explained to Billups that she had been convicted of those charges and that the law required her to be sentenced in accordance with the Sentencing Guidelines. (Sentencing Tr. at 11-12). See Coonce, 961 F.2d at 1275. The district court also accepted counsel's explanation of Billups' initial failure to appear in response to several subpoenas, and did not take it into consideration for purposes of sentencing. (Sentencing Tr. at 12-13). Billups' challenge to her sentence is therefore without arguable legal merit.[3]
 
 CONCLUSION
 
 18
 Because we agree with counsel that Billups' appeal lacks any basis in law or fact, we GRANT counsel's motion to withdraw and DISMISS this appeal as frivolous.
 
 
 
 [1]
 Billups also claims that she was never served with a copy of counsel's Anders brief and motion. Our independent investigation convinces us that the Clerk of the Court sent Billups a copy of the brief and motion, as provided under Circuit Rule 51(a)
 
 
 [2]
 The formal attachment of the sentencing hearing transcript to Billups' presentence report is a ministerial matter which does not require remand. We accordingly direct the United States Attorney to ensure that the transcript is appended to the presentence report. See United States v. Rodriguez-Luna, 937 F.2d 1208, 1214 (7th Cir.1991); United States v. Busche, 915 F.2d 1150, 1152 (7th Cir.1990); United States v. Moran, 845 F.2d 135, 139 (7th Cir.1988)
 
 
 [3]
 We note that counsel at no time raised objections to Billups' two-level sentence enhancement for perjury under U.S.S.G. Sec. 3C1.1. Cf. United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993) (where defendant objects to a Sec. 3C1.1 enhancement based on perjured testimony, district court must make independent findings to establish willful obstruction of justice). As in Dunnigan, given the numerous witnesses who contradicted Billups concerning facts about which she could not have been mistaken, as well as the evidence brought forward that Billups took steps to conceal her outside employment while drawing partial disability benefits, the district court's finding of obstruction of justice on the basis of perjured testimony was amply supported. See id