33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. BREEDING, Defendant-Appellant.
 No. 93-4077.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 22, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, District Judge.**
 
 ORDER
 
 2
 On June 10, 1993, Richard L. Breeding was indicted on one count of cocaine distribution in violation of Title 21, United States Code, Section 841(a)(1). On July 15, 1993, Breeding pleaded guilty. On December 15, 1993, the district court sentenced Breeding to sixty-three months incarceration followed by a four year term of supervised release. Breeding appeals his sentence, contending that the district court erred in finding that he was not a minor participant within the meaning of United States Sentencing Guideline Sec. 3B1.2(b).[1] We affirm.
 
 I.
 
 3
 Breeding argues that the district court impermissibly relied upon hearsay at sentencing, specifically, the transcript of a recording made of the narcotics deal, to determine that Breeding was not a minor participant. Breeding did not object on hearsay grounds to the transcript of the tape at the sentencing hearing and our review of this claimed error is under a "plain error" standard, see United States v. Blythe, 944 F.2d 356, 359 (7th Cir.1991); Fed.R.Crim.P. 52(b). "[I]t is clear that there is no error, much less plain error in this case." United States v. South, No. 93-1796, slip op. at 12 (7th Cir. June 29, 1994). "Hearsay is not only an acceptable basis for a sentencing determinaton, it is an 'integral part of the sentencing process.' " United States v. Smith, 3 F.3d 1088, 1100 (7th Cir.1993) (citation omitted), cert. denied, 114 S.Ct. 733 (1994); United States v. Atkin, No. 93-3196, slip op. at 2 (7th Cir. July 7, 1994) (Rules of evidence do not apply to sentencing hearings); United States v. Isirov, 986 F.2d 183, 185 (7th Cir.1993); see Fed.R.Evid. 1101(d)(3). The defendant must have a reasonable opportunity to rebut the hearsay and the hearsay must be reliable. Atkin, slip op. at 2; United States v. Beal, 960 F.2d 629, 634 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992). Here, Breeding does not contend that he lacked an opportunity to rebut the hearsay (he testified at the sentencing hearing and was aware of the transcript's contents) nor does he contend that the transcript was unreliable (he simply did not recall making certain statements on the tape). Under these circumstances, the district court did not err in relying upon the hearsay evidence at sentencing.
 
 II.
 
 4
 Breeding also argues that the district court's finding that he was not a minor participant is against the "manifest weight" of the evidence. This finding is reviewed for clear error. United States v. Redig, 1994 WL 265164 (7th Cir.1994); United States v. Hagan, 913 F.2d 1278, 1283 (7th Cir.1990). Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous. Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 574 (1985).
 
 
 5
 There is no formulaic solution to whether one qualifies as a minor participant; it depends on the facts of the case. United States v. Kerr, 13 F.3d 203, 206 (7th Cir.1993), cert. denied, 114 S.Ct. 1629 (1994). To merit a downward departure as a minor participant, Breeding must establish that he is substantially less culpable than the other participants. United States v. Rosalez-Cortez, 19 F.3d 1210, 1220 (7th Cir.1994); U.S.S.G. Sec. 3B1.2, comment. (nn 1-3 and background).
 
 
 6
 At sentencing, Breeding testified that his involvement in the narcotics transaction charged in the indictment was limited to arranging a deal between two individuals for which he received $300. Tr. at 5. In stark contrast to Breeding's testimony, the government presented the testimony of Illinois State Police Detective Ales, corroborated by the tape of the narcotics transaction, which showed that Breeding arranged the drug deal, was intimately involved in the negotiations for the cocaine, left with the supplier to get the cocaine and was paid $300 for his services. Tr. at 9-11, 16. The transaction took place at Breeding's residence. Under these circumstances, the district court did not clearly err in relying upon the testimony of Detective Ales, corroborated by the tape, and in its determination that Breeding played more than a minor role in this transaction. See, e.g., Rosalez-Cortez, 19 F.3d at 1220; United States v. Pitz, 2 F.3d 723, 733 (7th Cir.1993); United States v. Cea, 963 F.2d 1027, 1032 (7th Cir.), cert. denied, 113 S.Ct. 182 (1992); United States v. Boyer, 931 F.2d 1201, 1205 (7th Cir.1994); United States v. Brick, 905 F.2d 1092, 1095 (7th Cir.1990) ("A person who directs a buyer to a seller cannot be considered a minor participant because that person also plays an important role in the distribution of the drugs").
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The government filed such a statement, indicating that oral argument would not significantly aid the decisional process in this case. Accordingly, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 1 U.S.S.G. Sec. 3B1.2 provides:
 Based on the defendant's role in the offense, decrease the offense level as follows:
 (a) If the defendant was a minimal participant in any criminal activity, decrease by four levels.
 (b) If the defendant was a minor participant in any criminal activity, decrease by two levels.
 In cases falling between (a) and (b), decrease by three levels.