69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
CRAZY JIM, Defendant-Appellant.
 No. 95-2021.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 3, 1995.
Decided Oct. 26, 1995.
 
 Before CUMMINGS, ESCHBACH and ROVNER, Circuit Judge.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, defendant, Crazy Jim,[1] pled guilty to conspiracy to defraud the United States, 18 U.S.C. Sec. 371. On April 5, 1995, defendant was sentenced to ten months' imprisonment, the first five months of which would be spent in jail, and the remaining five months in home detention. Defendant now appeals from his sentence, arguing that the district court erred in enhancing the sentence two levels, pursuant to United States Sentencing Guidelines (U.S.S.G.) Sec. 3B1.1(c), for defendant's role in the offense.
 
 
 2
 The fraudulent scheme involved impeding the lawful governmental functions of the Internal Revenue Service (IRS) through the operation of several businesses and the buying and selling of real estate during the period of 1987 through April 15, 1991. According to the presentencing report (PSR), defendant owned at least eight pieces of real estate during the charged period, which "defendant and other conspirators purchased, leased, subleased, rented and/or sold during this period." (PSR, par. 10) The PSR also states: "Despite all of this business activity, the defendant failed to file income tax returns for any of the years 1987 through 1990." (PSR, par. 12) The PSR reports that defendant and "other co-conspirators" used cash, corporate shells and other nominees to conceal his involvement in these business activities, his receipt of profits, and his failure to pay taxes on those profits. Much of the activity in the charged period included defendant's former girlfriend, Betty Czarnecki.
 
 
 3
 In reviewing a sentence, we will reverse the district court's findings of fact regarding a role in the offense enhancement only if those findings are clearly erroneous. United States v. Isirov, 986 F.2d 183, 187 (7th Cir.1993).
 
 
 4
 Defendant first argues that the district court improperly relied on conduct involving other individuals that took place prior to and after the dates of the charged conspiracy. The Guidelines permit a two-level enhancement if defendant was an "organizer, leader, manager, or supervisor," Sec. 3B1.1(c), of one or more criminally responsible persons.
 
 
 5
 It is true that the district court can consider "relevant conduct" which includes conduct that occurred before or after the commission of the offense of conviction. U.S.S.G. Sec. 1B1.3; United States v. Tai, 994 F.3d 1204, 1212 (7th Cir.1993). But the acts outside of the offense charged must be "part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Holland, 22 F.3d 1040, 1045-46 (11th Cir.1994); see also United States v. Sykes, 7 F.3d 1331, 1336-38 (7th Cir.1993). Even conduct falling within the "same course of conduct" must still be "substantially connected to the offense of conviction" in order to constitute a common scheme or plan." U.S.S.G. Sec. 1B1.3, Application Note 9(a). The facts contained in the PSR do not indicate that the activities which occurred outside of the period of 1987 to 1991 were part of a single course of conduct or a common scheme or plan.
 
 
 6
 Nevertheless, there is sufficient evidence to support a finding under subsection (c) that defendant led, organized, supervised, or managed at least one criminally responsible person during the time period of 1987 through April 1991. Relevant factors in determining whether an enhancement is appropriate under Sec. 3B1.1(c), see United States v. Johnson-Dix, 54 F.3d 1295, 1309 n. 7 (7th Cir.1995), include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. Sec. 3B1.1, App. Note 4.
 
 
 7
 The record is clear (and defendant does not dispute) that he was involved with Betty Czarnecki during the charged period of 1987 through April 1991. In paragraph 9 of the Information to which Crazy Jim pled guilty, the government identified Betty Czarnecki as a co-conspirator. The PSR (para. 8 through 38) repeatedly refers to Czarnecki's involvement. Defendant was the mastermind behind the fraudulent schemes. He controlled extensive property, assets, and other activities related to his business dealings and property income. In terms of relative responsibility, it was defendant, not Czarnecki, who exercised decision-making authority, participated in or directed every transaction, recruited Czarnecki, took most of the fruits of the crime, made the decision to not file tax returns and not maintain proper records, and planned and organized the elaborate scheme of tax fraud. Defendant was therefore more responsible than Czarnecki. He was the key figure, the organizer, the coordinator, and the most culpable person. See Skinner, 986 F.2d at 1099. Defendant's direction of Czarnecki satisfies the "one other participant" requirement.
 
 
 8
 In a related argument, defendant maintains that, regardless of whether he directed other people, the district court only pointed to individuals who were not criminally responsible. The enhancement under Sec. 3B1.1 requires at least one criminally responsible participant other than defendant. United States v. Stevenson, 6 F.3d 1262, 1270 (7th Cir.1993); United States v. DeCicco, 899 F.2d 1531, 1535-37 (7th Cir.1990). A "participant" is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. Sec. 3B1.1(a), comment (n. 1); United States v. Nelson, 5 F.3d 254, 258 (7th Cir.1993) ("criminally responsible" person need not be charged with or convicted of the criminal offenses related to defendant's fraudulent scheme).
 
 
 9
 Defendant seeks to portray himself as the sole criminally responsible person, with other people only tangentially involved or having no knowledge of the criminal aspects of the activities. The district court properly found that Betty Czarnecki was a "willing participant" due to the "length of time that [she was] involved" in defendant's schemes. (Tr. 15-16) The criminal information lists Czarnecki as a co-conspirator, as does the PSR. Czarnecki acted as president, nominee, incorporator, or registered agent for both of defendant's businesses, and admitted to signing all relevant documents at defendant's direction during the charged offense period. After one particular $44,000 transaction which occurred in 1987, defendant and Czarnecki went to Las Vegas and were observed betting and losing a substantial amount of money. Further, bank checks made out to defendant and Czarnecki were used to purchase additional real estate. See United States v. Miller, 962 F.2d 739, 745-46 (7th Cir.1992) (increase for role offense consisting of fraudulent scheme).
 
 
 10
 Furthermore, defendant pled guilty to conspiracy, which necessarily involves more than one criminally responsible individual. See United States v. Hernandez, 931 F.2d 16, 18 (7th Cir.1991). Defendant cannot conspire with himself.
 
 
 11
 Defendant also points out that at the sentencing hearing the government joined the defense in arguing that an enhancement for role as leader was not appropriate. This is true, but it does not constitute waiver by the government. See, e.g., United States v. Rostoff, 53 F.3d 398, 412 (1st Cir.1995) (government objected to role in offense adjustment recommended by Probation Department; district court accepted Probation Department's recommendation).
 
 
 12
 Accordingly, the sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 Formerly known as James T. Groh