101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry BEVERLY, Defendant-Appellant.
 No. 96-1805.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.[1]
Decided Nov. 13, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 As part of a plea agreement, Larry Beverly entered a plea of guilty to the charge of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In exchange for the guilty plea, identical charges against Beverly in a separate cause were dropped and Beverly received a three-level sentencing reduction for acceptance of responsibility.
 
 
 2
 In the plea agreement Beverly expressly stated that he was not a minor participant in the criminal act to which he was pleading guilty and that Sentencing Guideline § 3B1.2 was not applicable to his case for purposes of sentencing. At the sentencing hearing Beverly raised no § 3B1.2 issues. Today Beverly argues that the district court erred by failing to award a two-level reduction for being a minor participant pursuant to Sentencing Guideline § 3B1.2. Beverly argues that the plea agreement is not binding on the court if the facts support a different outcome.
 
 
 3
 In his plea agreement, Beverly also agreed to a specific sentence of 150 months if he was found to have a criminal history category of I. Beverly was indeed sentenced to 150 months on the basis of a criminal history category of I. Today Beverly argues that he should have been sentenced according to the "safety valve" of 18 U.S.C. § 3553(f) (or U.S.S.G. § 5C1.2) which mandates sentencing in accordance with the Guidelines but without regard to statutory minimums if certain requirements are satisfied. Like the challenge that he was entitled to a sentence reduction for being a minor participant, Beverly did not raise the safety valve challenge until now.[2]
 
 
 4
 It is true that every defendant has a due process right to be sentenced only on the basis of accurate information. United States v. Isirov, 986 F.2d 183, 185 (7th Cir.1993). Further, a defendant does not automatically waive his right to argue the accuracy of allegations just because he stipulated to those facts in a plea agreement. Id. at 186. If a stipulation in a plea agreement is relevant to sentencing, the court is not bound by the stipulation but may instead determine the facts by considering the presentence report. Id.
 
 
 5
 However, Beverly had the opportunity to challenge his stipulation regarding the inapplicability of the minor role sentence adjustment before the district court at the sentencing hearing. A defendant waives a right when he knows of the right and then intentionally relinquishes or abandons it. United States v. Olano, 507 U.S. 725, 733 (1993). In this case the requirements of waiver are satisfied. Beverly obviously knew of the right to a two-level reduction in sentencing for minor participants as evidenced by his express stipulation in the plea agreement that the particular guideline did not apply to him. By stipulating and then subsequently not raising any objection at the sentencing hearing, Beverly intentionally relinquished any right he may have had to the minor participation reduction.
 
 
 6
 When a right is waived, it is not reviewable, even for plain error. United States v. Penny, 60 F.3d 1257, 1261 (7th Cir.1995). In this case the combination of the stipulation and the failure to raise the issue at the district court support a finding of waiver. Simple failure to timely raise an argument at the district court, taken alone, will usually preserve the error for appellate review. Olano, 507 U.S. at 733-34. In this case, however, Beverly satisfies both the knowledge and the intentional abandonment components of waiver. Id.
 
 
 7
 Similarly, Beverly waived his right to invoke the safety valve provision of the Sentencing Guidelines. By stipulating in his plea agreement with the government that the Guidelines were applicable to the offense to which he was pleading guilty,[3] Beverly expressly acknowledged the potential applicability of any particular provision of the Guidelines, including § 5C1.2. This demonstration of knowledge combined with his failure to raise the safety valve issue before the district court constitutes waiver. In addition, Beverly's express agreement to a particular sentence of 150 months if he were found to have a criminal history category of I[4] also demonstrates Beverly's intentional relinquishment of his right to any sentence adjustments not already considered in the plea agreement.
 
 
 8
 Beverly has waived his right to a two-level reduction in sentencing for being a minor participant in the crime, and he has waived his right to invoke the safety valve Guideline. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 In fact, Beverly did not raise the safety valve issue in his initial appellate brief either. Instead, he brought the argument in a pro se supplement to his counseled brief
 
 
 [3]
 Paragraph 9(d) of Beverly's plea agreement states, "I further understand that the offenses to which I am pleading guilty fall under the Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994." Petition to Enter a Change of Plea, 12/27/95, at 3
 
 
 [4]
 Paragraph 9(j) of Beverly's plea agreement states, "Pursuant to Rule 11(e)(1)(c), the government and the defendant agree that the defendant shall be sentenced to 150 months imprisonment if the defendant's criminal history category is I." Petition to Enter a Change of Plea, 12/27/95, at 4